EASTERN DIST.
*February*, 1837.

MARLATT *vs.* LEVEE STEAM COTTON PRESS COMPANY.

MARLATT
*vs.*
LEVEE STEAM
COTTON PRESS CO

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

10L 583|
49 493|

A company or corporation, can only act through its president or other agents appointed, and its acts or duties which it undertakes to perform, are those of the company itself.

Where a contract was made with the president or agent of an incorporated company to unload a boat, and she was taken possession of by the slaves of the company and sunk soon after, the latter will be liable for the injury or loss, unless they prove it was the result of some event or accident, not within their control.

The proof of agency of an incorporated company, may be made by parole, when the witness swears he contracted with the president of the company by name; and he is not asked the ground of his knowledge, that this person was the president or agent; and there was no exception to this proof by parole, on the ground, that the authority of this agent ought to have been proven by writing, as a company could not appoint an agent by parole.

This is an action to recover from the defendants the sum of seven hundred and fifty-four dollars and thirty-seven cents, the value of a boat load of coal, which is alleged to have been sunk and lost through their negligence.

The plaintiff alleges, that his agent contracted with the president of the Levee Cotton Press Company, to have a boat load of coal unloaded, for the price of forty dollars, and which was then lying at the levee, opposite the cotton press; that said boat was delivered into the care and custody of the agents of said company, but owing to their neglect and carelessness, the boat sunk at night in the Mississippi, and both it and the cargo were totally lost, and for which the defendants are liable. He prays judgment for the sum of seven hundred and fifty-four dollars and thirty-seven cents, as the value of said boat, cargo and two cables.

The defendants pleaded a general denial.

EASTERN DIST.    Upon these pleading and issues, the cause was tried by
February, 1837.  a jury.

MARLATT          G. *Marlatt,* plaintiff's witness and brother, deposed, that
vs.              he acted as agent of his brother, in the spring of 1835, and
LEVEE STEAM
COTTON PRESS CO  delivered the boat load of coal in question to the defendants,
by agreement with their agent, Mr. Lepretre, the president
of the company, to have it unloaded for forty dollars.
The hands or slaves of the cotton press took charge of the
boat, and while they had her in charge, she sunk. The
plaintiff had made an agreement to deliver the coal to the
defendants at fifty-six and a quarter cents per barrel, and
that there were one thousand three hundred and fifty barrels
in the boat when she sunk. The boat was worth ten
dollars, and two cables fifteen dollars each. After deduct-
ing forty dollars, the price of unloading, the nett amount
of the plaintiff's claim was seven hundred and fifty-four
dollars, for which he had a verdict and judgment. The
defendants appealed.

*Carter,* for the plaintiff.

1. The testimony shows that the coal lost was intended
for the use of the cotton press, to be used for their steam
engines. The proof is positive, that the defendants, through
their agent, the president of the company, agreed with the
plaintiff's agent to unload the boat load of coal for forty
dollars.

2. There is proof of delivery of the property to the
defendants, and proof of its loss.

3. The part of the article 2299 of the *Louisiana Code,*
upon which the defendant relies, which exempts principals
from the consequences of the acts of their agents, which
they could not prevent, is not applicable to this case,
because the defendants have not shown that the loss, for
which the plaintiff seeks to recover against them, was
suffered under such circumstances, that they could not
have prevented it. They have furnished no evidence to
enable them to claim the benefit of the exception to the

general principle of law, invoked from the article of the Louisiana Code, referred to.

4. The verdict of the jury, and the judgment of the court below, is in conformity to law, and the evidence given in the case.

EASTERN DIST.
*February*, 1837.

MARLATT
*vs.*
LEVEE STEAM
COTTON PRESS CO

*Hoa, contra,* contented that the judgment should be reversed, first, because the loss suffered by the plaintiff in this case, was not proved to be the result of any fault or negligence, on the part of these appellants.

2. That the Levee Steam Cotton Press Company, cannot be made responsible for the acts of its agent, because it was not proved that such acts might have been prevented by the company, and that said company have not prevented them. *Louisiana Code, article* 2299. 8 *Martin, N. S.,* 503. 5 *Louisiana Reports,* 463.

*Martin, J.,* delivered the opinion of the court.

The petition charges, that the defendants contracted with the plaintiffs' agent to unload a boat load of coal, for a fixed price; that the boat was, for that purpose, delivered into their care and custody; and that through their carelessness and neglect, the boat and coal were sunk and destroyed, wherefore he prayed for damages.

The defendants pleaded the general issue. There was a verdict and judgment against them, and they appealed.

Our attention is first drawn to a bill of exceptions to the charge of the court, instructing the jury, that, if they believed that the defendants engaged, or contracted, as agents of the plaintiff, to take charge of, and unload the boat, and that it was delivered into the charge of the defendants, it is not necessary for plaintiff positively to prove negligence, but, after showing a delivery of the boat, it is incumbent on the defendants to show that the boat was not lost through any negligence on their part. That the Louisiana Code, article 2299, was the law of the land; but that the part of the article which exempts principals from the consequences of the acts of their agents, which they could not prevent, was con-

A company or corporation, can only act through its president or other agents appointed, and its acts or duties which it undertakes to perform, are those of the company itself.

74

Eastern Dist.
February, 1837.

MARLATT
vs.
LEVEE STEAM
COTTON PRESS CO

trary to general principles, and had, probably, been inserted inadvertently; but that the court did not think this article applied to the present case, because, no company can act, except through its president or other agents; and in acts of this kind, the president, or other appointed administrator of the company, is the company itself, to all intents and purposes.

It does not appear to us that the charge is an erroneous one, although we do not concur in the opinion expressed therein, that the article of the Code referred to, was inserted inadvertently.

On the merits, the defendants, and appellant's counsel has urged, that the loss was not proved to be the result of any fault in the defendants.

That the defendants were not liable, because it was not proven, that the loss might have been prevented by them, and that they did not prevent it.

It is in evidence that the boat was taken possession of by the slaves of the defendants, after the contract made with their agent, and by his order. The jury, therefore, correctly concluded, under the charge of the court, that the defendants were liable, unless they prove that the loss was the result of some event, not within their control.

With equal correctness, and under the direction of the judge, the jury disregarded the second point of defence. In the argument before us, it was urged, that the plaintiff must fail, because he has not proven the authority of the person who acted in behalf of the defendants in making the contract on which the suit is brought.

The witness, who was the agent of the plaintiff in making the contract, has sworn that he made it with the agent of the defendants, to wit: Mr. Lepretre, the president of the company. No attempt was made, by a cross-examination, to cause the witness to state the grounds of his knowledge of the agency of the person he contracted with. Neither was any exception made to the proof of this agency by parole, on the ground that the authority of this agent, ought to have been proven by writing, as a company could not appoint an

'Where a contract was made with the president or agent of an incorporated company to unload a boat, and she was taken possession of by the slaves of the company and sunk soon after, the latter will be liable for the injury or loss, unless they prove it was the result of some event or accident not within their control.

The proof of agency of an incorporated company, may be made by parole, when the witness swears he contracted with the president of the company by name; and he is not asked the ground of his knowledge, that this person was the president or agent; and there was no exception to this proof by parole, on the ground that the authority of this agent ought to have been proven by writing, as a company could not appoint an agent by parole.

agent by parole. It is also proven, that after this contract, the boat was taken possession of by the slaves of the defendants, and it must be presumed, with the consent of the person to whom the defendants have committed the charge of those slaves.

EASTERN DIST.
February, 1837.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.